UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

GABRIEL ALWIN,

Plaintiff,

v.

GYPSUM MANAGEMENT SUPPLY, INC.,

BADGERLAND SUPPLY,

TAMARACK MATERIALS,

and

TEAMSTERS LOCAL UNION NO. 200,

Defendants.

26-C-224

COMPLAINT AND JURY DEMAND

Plaintiff Gabriel Alwin, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action arising from Plaintiff's wrongful termination during protected medical leave, interference with ERISA-governed benefits, retaliation for protected activity, breach of a collective bargaining agreement, and Teamsters Local Union No. 200's breach of its Duty of Fair Representation.

2. Plaintiff was terminated while medically incapacitated, on approved medical leave, and after Defendants had notice of a compensable work-related injury.

3. Defendants Gypsum Management Supply, Inc. ("GMS"), Badgerland Supply, Tamarack Materials, and Teamsters Local Union No. 200 acted jointly and in concert to effectuate Plaintiff's termination and to foreclose contractual, statutory, and benefit-based remedies.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under **29 U.S.C. §185 (§301 of the Labor Management Relations Act)**.

5. This Court has jurisdiction under **29 U.S.C. §2617 (Family and Medical Leave Act)**.

6. This Court has jurisdiction under **29 U.S.C. §1132 and §1140 (ERISA §§502 and 510)**.

7. This Court has supplemental jurisdiction under **28 U.S.C. §1367** over related Wisconsin state-law claims.

8. Venue is proper in this District because the acts complained of occurred in Wisconsin and Defendants transact business in this District.

## III. PARTIES

9. Plaintiff Gabriel Alwin is a resident of Florida and was employed in Wisconsin.

10. Defendant Gypsum Management Supply, Inc. is a corporation doing business in Wisconsin.

11. Defendant Badgerland Supply is a GMS operating division located in Pewaukee, Wisconsin.

12. Defendant Tamarack Materials is a GMS-affiliated entity employing bargaining-unit employees.

13. Defendant Teamsters Local Union No. 200 is a labor organization under the NLRA and the exclusive bargaining representative for Plaintiff.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff was employed in a bargaining-unit position.

15. Plaintiff's employment was governed by a collective bargaining agreement ("CBA") requiring **progressive discipline** prior to termination, except in limited circumstances not applicable here.

16. In September 2023, Plaintiff underwent emergency surgery and became medically unable to work.

17. Plaintiff was placed on **FMLA leave** and approved for **short-term disability benefits**, later transitioning toward **long-term disability eligibility**.

18. Plaintiff suffered serious and life-threatening medical conditions including heart failure, pulmonary embolisms, and severe electrolyte imbalance, requiring repeated hospitalization and heavy medication.

19. Plaintiff notified Defendants of his medical condition and inability to work.

20. Plaintiff also sustained a **work-related shoulder injury**, later confirmed by MRI to involve a complete and partial tear requiring surgery.

21. Plaintiff notified management of the compensable injury, and management acknowledged receipt.

22. On or about **March 21, 2024**, Defendants terminated Plaintiff under a purported "three-day no-call/no-show" policy.

23. Defendants made **no attempt to contact Plaintiff**, despite knowing he was on medical leave and despite past practice requiring immediate contact with absent employees.

24. The termination occurred shortly after Plaintiff's short-term disability period ended and while Plaintiff remained medically disabled and benefit-eligible.

25. Teamsters Local 200 discouraged grievance pursuit, failed to investigate, failed to enforce the CBA, and sided with management during the grievance process.

---

## V. COUNT I

**LMRA §301 – Breach of Collective Bargaining Agreement**

*(Against GMS, Badgerland Supply, and Tamarack Materials)*

26. Plaintiff incorporates all prior paragraphs.

27. Defendants breached the CBA by terminating Plaintiff without progressive discipline.

28. Defendants further breached the CBA by terminating Plaintiff while on protected medical leave.

29. Plaintiff suffered lost wages, lost benefits, and other damages as a result.

## VI. COUNT II

**Breach of Duty of Fair Representation**

*(Against Teamsters Local Union No. 200)*

30. Plaintiff incorporates all prior paragraphs.

31. Local 200 owed Plaintiff a duty to represent him fairly, honestly, and in good faith.

32. Local 200 acted arbitrarily and in bad faith by discouraging a grievance, failing to investigate, failing to advocate, and siding with management.

33. Local 200's conduct substantially contributed to Plaintiff's damages.

## VII. COUNT III

**FMLA Interference and Retaliation**

*(Against GMS, Badgerland Supply, and Tamarack Materials)*

34. Plaintiff was entitled to FMLA leave.

35. Defendants interfered with Plaintiff's FMLA rights and retaliated against him for exercising those rights.

36. Plaintiff was terminated because of protected leave activity.

## VIII. COUNT IV

**ERISA §510 – Interference With Protected Benefits**

*(29 U.S.C. §1140)*

*(Against GMS, Badgerland Supply, and Tamarack Materials)*

37. Plaintiff incorporates all prior paragraphs.

38. Plaintiff was a participant in ERISA-governed benefit plans, including disability, health, and retirement plans administered through New York Life.

39. Plaintiff was receiving short-term disability benefits and was eligible for long-term disability and continued health and retirement benefits.

40. Defendants were aware of Plaintiff's benefit status and eligibility.

41. Defendants terminated Plaintiff for the purpose of interfering with his attainment of ERISA-protected benefits.

42. Defendants' stated reason for termination was pretextual.

43. Defendants violated **ERISA §510**, causing Plaintiff economic and benefit-related harm.

## IX. COUNT V

**Wisconsin Workers' Compensation Retaliation**

*(Wis. Stat. §102.35(3))*

*(Supplemental Jurisdiction)*

44. Plaintiff engaged in protected activity by pursuing workers' compensation benefits.

45. Defendants terminated Plaintiff shortly after notice of a compensable injury.

46. The termination was retaliatory and unlawful under Wisconsin law.

---

## X. JOINT ACTION AND CONCERTED CONDUCT

*(Applicable to All Counts)*

47. Defendants acted in concert and with a unity of purpose to terminate Plaintiff and to foreclose contractual, statutory, and benefit-based remedies.

48. Defendants shared information, relied on common factual assertions, and mutually reinforced the termination decision.

49. Each Defendant is jointly and severally liable for Plaintiff's damages.

---

## XI. TOLLING AND EQUITABLE RELIEF

50. Plaintiff was medically incapacitated for extended periods following termination.

51. Plaintiff's medical condition, hospitalization, and medication impaired his ability to timely pursue claims.

52. Equitable tolling applies to all applicable limitations periods.

## XII. DAMAGES

53. Plaintiff seeks:

- back pay and front pay,
- lost benefits,
- emotional distress damages,
- statutory penalties,
- attorney's fees and costs,
- pre- and post-judgment interest,
- declaratory and injunctive relief.

## XIII. JURY DEMAND

54. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and all appropriate relief.

**Respectfully submitted,**

Gabriel Alwin
Plaintiff, Pro Se

1098 Guild Street

Port Charlotte, Florida 33952

Phone: 920-988-8225

Email: alwin.gabriel@yahoo.com